CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES M. HARRIS,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:16-cv-00205 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| VIRGINIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>    Defendants. | ) <br> ) <br> ) <br> ) | By:   Hon. Michael F. Urbanski<br>       United States District Judge |

Charles M. Harris, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming staff of the Virginia Department of Corrections as defendants. On November 29, 2016, the defendants filed a motion for summary judgment. On the next day, the Clerk issued a Notice, advising Plaintiff that a motion for summary judgment was filed and that he had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's[1] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice (ECF no. 30) (original emphasis).

Plaintiff did not respond to the Notice or the motion for summary judgment, the Notice was not returned to the court as undeliverable, and Plaintiff has not written to the court since July 2016. Pursuant to the Notice entered on November 30, 2016, the court finds that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute, and all pending motions are denied

---

[1] The court notes that all defendants filed the motion for summary judgment.

without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

ENTER: This 17th day of January, 2017.

/s/ Michael F. Urbanski
United States District Judge